DECISION AND JOURNAL ENTRY
{¶ 1} This matter is before this Court on appeal from the ruling of the Summit County Court of Common Pleas which ordered disclosure of certain portions of appellant Summa Health System's credentialing file pertaining to appellant Dr. Walter Ruf which the court deemed obtainable from original sources. For the following reasons, we find that the trial court abused its discretion in ordering disclosure of these documents and reverse its order to disclose.
 {¶ 2} The facts in this case are not in dispute. Appellees filed suit against Summa Health System ("Summa"), and Dr. Walter Ruf ("Ruf") alleging malpractice by appellant Ruf in performing gall bladder surgery on appellant Jamie L. Hammonds. Appellees also allege, inter alia, that appellant Summa negligently granted staff privileges to Ruf. During discovery, appellees requested documents relating to appellant's credentialing process. Appellant objected to this discovery on the grounds that it was privileged, and appellees moved to compel production. The trial court denied the motion to compel on the grounds of privilege.
 {¶ 3} Appellees filed a motion to reconsider, or alternately, requested the trial court to conduct an in camera review of appellant's credentialing file of Ruf. Upon in camera inspection, the trial court ordered that certain portions of appellant's credentialing filed be disclosed to appellees because the documents were obtainable from original sources and hence discoverable.[1] Appellants timely appealed the trial court's order.
 II. ASSIGNMENT OF ERROR
"The trial court erred in ordering the production of portions of summa health system's privileged credentialing file relating to Dr. Ruf."
 {¶ 4} This Court reviews a trial court's discovery orders under an abuse of discretion standard. Trangle v. Rojas (2002),150 Ohio App.3d 549, 553, 2002-Ohio-6510. An abuse of discretion means more than an error of law or judgment. It implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 5} On May 20, 2003, appellees requested documents from appellant regarding its credentialing process.[2] In this case, appellant claims that the documents at issue relating to its credentialing process are privileged pursuant to R.C.2305.24, 2305.251 and 2305.252 and are not discoverable.
 {¶ 6} Appellees, however, argue that there is a recognized exception to this privilege. Appellees argue that documents otherwise obtainable from original sources are not privileged. R.C. 2305.252 provides in part: "[i]nformation, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were produced or presented during proceedings of a peer review committee . . ."
 {¶ 7} Appellees argue that Ohio courts have consistently recognized that documents otherwise obtainable from original sources pursuant to this provision may be obtained from a hospital peer review. See, Wilson v. Barnesville Hosp. (2002),151 Ohio App.3d 55, 2002-Ohio-5186. Based on this recognized exception, appellees argue that any of appellant's credentialing documents that are obtainable from original sources may be obtained from appellant itself.
 {¶ 8} The trial court conducted an in camera review of the documents and found that appellant did possess certain materials which were otherwise obtainable from original sources. With respect to those materials, the trial court held that appellees were entitled to discovery from appellant based on the above-described exception.
 {¶ 9} On April 9, 2003, the Ohio Legislature amended R.C.2305.252 to provide:
Information, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were produced or presented during proceedings of a peer review committee, but the information, documents, or records are available only from the original sources and cannot be obtainedfrom the peer review committee's proceedings or records.
(Emphasis added.)
 {¶ 10} This revision applies to the discovery issue at hand because the discovery was promulgated and the dispute arose after its enactment on April 9, 2003. Consequently, the prior case law no longer applies if it conflicts with the specific statutory provisions. In this case, we find that the prior case law does conflict with the revisions. Moreover, we have not found any case interpreting this revision to incorporate the prior exception for documents "otherwise obtainable from original sources."
 {¶ 11} In this case, the language of R.C. 2305.252 must be given its plain meaning. Kneisly v. Lattimer-Stevens Co.
(1988), 40 Ohio St.3d 354, 357. The legislature has left no doubt regarding whether these documents are obtainable from appellant. They clearly are not. We find that the trial court abused its discretion in ordering the documents in question to be disclosed by appellant in violation of a clear statutory mandate prohibiting such disclosures. Although the documents may otherwise be discoverable and obtained from their original sources, they may not be obtained from appellant's peer review proceedings or records. Appellant does not contest on appeal that the documents ordered released by the trial court are not otherwise obtainable from an original source, but only contests the order that it must turn over the documents instead of appellee's obtaining them from their original sources.
 {¶ 12} For the foregoing reasons, the judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
Exceptions.
Slaby, J., Batchelder, J., concur.
[1] The trial court also held that appellant had no obligation to disclose information from AGMC's credentialing documents. Appellant has not raised this issue on appeal.
[2] We refer to credentialing documents to include those regarding peer review and quality assurance.