DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Summa Health System, appeals from the order of the Summit County Court of Common Pleas, General Division, which ordered the provision of certain documents in discovery. This Court reverses and remands.
 I. {¶ 2} On February 5, 2003, Plaintiffs-Appellees, Cheryl and James Abels, filed a complaint alleging medical malpractice against Walter Ruf, M.D. On April 9, 2003, Plaintiffs-Appellees (now including the parties' minor child) filed an amended complaint, alleging a cause of action for negligent credentialing as against Appellant. Appellant answered, denying the claims.
 {¶ 3} Plaintiffs-Appellees propounded their first request for production of documents upon Appellant on July 31, 2003, and their second request on December 7, 2003. Plaintiffs'-Appellees' second request for production of documents requested that Appellant provide its entire credentialing file relative to Walter Ruf, M.D., including all documents relating to Dr. Ruf's professional liability insurance coverage. Appellant objected to its production of such documents, arguing that the requested documents were privileged pursuant to R.C. 2305.25, 2305.251
and 2317.02. Plaintiffs-Appellees responded by filing a motion to compel.
 {¶ 4} On May 7, 2004, the trial court ordered Appellant to produce all documents relating to its peer review and credentialing of Dr. Ruf to the court for in camera inspection. The trial court further adopted Plaintiffs'-Appellees' argument and found that the current version of R.C. 2305.252, which became effective April 9, 2003, was not applicable to the motion to compel. The trial court reasoned that, pursuant to R.C.1.15, the current version of R.C. 2305.252 did not become operative until the day after the April 9, 2003 effective date. Because Plaintiffs-Appellees filed their amended complaint on April 9, 2003, the trial court found that the parties' discovery disputes would be governed by the prior version of the statute, former R.C. 2305.251.
 {¶ 5} Appellant submitted the required documents to the trial court for in camera inspection. On June 18, 2004, the trial court noted the limitations on the privilege accorded by former R.C. 2305.251 and ordered that "certain documents shall remain sealed with court as not subject to discovery. Other documents are to be provided in discovery as identified by the court." The trial court failed to further specify in its order which documents would remain sealed and which would be subject to discovery.
 {¶ 6} On July 1, 2004, the trial court issued a nunc pro tunc order, ordering that the June 18, 2004 order is final and appealable and that there is no just cause for delay. On July 7, 2004, Appellant timely appealed and filed an App.R. 9(C) statement of the proceedings, which the trial court subsequently approved. Appellant sets forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred in ordering the production of portions of summa health system's privileged credentialing file relating to Dr. Ruf."
 {¶ 7} In its sole assignment of error, Appellant argues that the current versions of R.C. 2305.24, 2305.251 and 2305.252 are applicable to the instant discovery dispute; because Plaintiffs-Appellees propounded their requests for production of documents upon Appellant after the current version of the statutes became effective. Appellant further argues that the trial court erred in ordering discovery of portions of its credentialing file relevant to Dr. Ruf, because the documents were not subject to discovery pursuant to R.C. 2305.252. This Court agrees.
 {¶ 8} As a preliminary matter, this Court finds that we have jurisdiction to consider this appeal, because the trial court's June 18, 2004 order constitutes a final and appealable order. Pursuant to R.C.2305.252, "[a]n order by a court to produce for discovery or for use at trial the proceedings or records described in this section is a final order." Notwithstanding the trial court's omission of any notation on the June 18, 2004 order that it was final and appealable and that there was no just cause for delay, the order was appealable and this appeal was in fact filed within the appropriate appeal time.
 {¶ 9} In regard to the substantive issues on appeal, this Court reviews a trial court's discovery orders under an abuse of discretion standard. Hawes v. Golden, 9th Dist. No. 03CA008398, 2004-Ohio-4957, at ¶ 16. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 10} Although Plaintiffs-Appellees filed their amended complaint as against Appellant on April 9, 2003, they did not propound their request for production of Appellant's credentialing files regarding Dr. Ruf until December 7, 2003. This Court has already held that where the discovery was promulgated and the dispute arose after the April 9, 2003 enactment of R.C. 2305.252, the current revision of the statute is applicable to the issue at hand. Hammonds v. Ruf, 9th Dist. No. 22109, 2004-Ohio-6273, at ¶ 10. This Court finds Appellees' argument that Hammonds is distinguishable not well taken. We further find Appellees' argument regarding any retroactive application of current R.C. 2305.252 moot, given our holding in Hammonds that the date of promulgation of the discovery request in dispute governs the applicable version of the statute. Therefore, the current version of R.C. 2305.252 applies to the issue at hand.
 {¶ 11} R.C. 2305.252 states in relevant part:
 "Proceedings and records within the scope of a peer review committee of a health care entity shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care entity or health care provider, including both individuals who provide health care and entities that provide health care, arising out of matters that are the subject of evaluation and review by the peer review committee. * * * Information, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were produced or presented during proceedings of a peer review committee, but the information, documents, or records are available only from the original sources and cannot be obtained from the peer review committee's proceedings or records."
 {¶ 12} As this Court recently stated in Hammonds at ¶ 11, "the language of R.C. 2305.252 must be given its plain meaning." There is no dispute that Appellant's credentialing documents fall within the scope of records within the scope of Appellant's peer review committee. Further, it is clear that the legislature has dictated that such documents are not obtainable from Appellant.
 {¶ 13} This Court finds that the trial court abused its discretion in ordering Appellant to provide certain credentialing documents to Plaintiffs-Appellees in discovery, upon the trial court's finding that those documents were generated by and available from other original sources. The trial court's order is in direct violation of a clear statutory mandate prohibiting such disclosure by Appellant. Barring any other applicable privilege, Plaintiffs-Appellees may obtain such documents from their original source; but they may not obtain them directly from Appellant.
 {¶ 14} In addition, this Court finds that the trial court abused its discretion in ordering Appellant to provide certain credentialing documents to Plaintiffs-Appellees in discovery, which documents may have been generated by Appellant's peer review committee. A review of the documents filed under seal indicates that some documents generated by outside original sources contain notes apparently added by Appellant's peer review committee. Because the trial court failed to identify with specificity the documents it found to be discoverable as generated by other original sources, this Court is unable to determine whether the trial court included the original source documents, which were annotated by Appellant's peer review committee. Irrespective of whether the documents were generated by other original sources or by Appellant's peer review committee, however, the trial court abused its discretion in ordering disclosure of any credentialing documents by Appellant for the reasons previously stated. Appellant's sole assignment of error is sustained.
 III. {¶ 15} Appellant's assignment of error is sustained. Accordingly, the judgment of the Summit County Court of Common Pleas, General Division, is reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
Slaby, P.J., Batchelder, J. concur.