JOURNAL ENTRY AND OPINION
{¶ 1} In this discovery appeal,[1] defendant Heather Hill Hospital Health and Care Center ("Heather Health") appeals from the order of the trial court that compelled production of an incident report in connection with litigation filed by Plaintiff Christine A. Brzozowski, Executrix of the Estate of Lewis Richter. For the reasons set forth below, we affirm.
 {¶ 2} Brzozowski filed this negligence action against University Hospitals,[2] Heather Hill, and Doe Corporation on January 24, 2002. In relevant part, plaintiff alleged that her decedent was admitted to Heather Hill on December 1, 2000, for pneumonia, anemia, rectal prolapse, confusion and depression. Approximately ten days later, the decedent fell in his room and suffered a subdural hematoma. He died the following day. Plaintiff set forth causes of action for violation of the Nursing Home causes of action for violation of the Nursing Home Residents Bill of Rights, R.C. Chapter 3721, negligence, and wrongful death.
 {¶ 3} On April 16, 2002, plaintiff served a request for production of documents upon defendants which contained a request for "any and all reports * * * relating to the incident in which Lewis Richter was injured on December 11, 2000 * * * *." On February 18, 2003, plaintiff filed a motion to compel, noting that the incident report had not been provided. On February 26, 2003, defendant moved for a protective order. Within this document, defendant noted that plaintiff had requested incident reports which, defendant claimed, were confidential, privileged, and not subject to discovery. On August 26, 2003, the trial court granted the motion for a protective order in part, and ordered that the parties submit the documents to the court in camera for review. Following the in camera review, the court stated:
 {¶ 4} "* * * the events of the incident as contained in the medical record were not properly explained nor does it contain a description of the events giving rise to the incident report." The court then ordered disclosure of the report insofar as it described the incident, with the remainder redacted.
 {¶ 5} Heather Hill now appeals and assigns three errors for our review.
 {¶ 6} Heather Hill's first assignment of error states:
 {¶ 7} "The trial court committed reversible error when it ordered ordered Appellant Heather Hill Hospital Health and Care Center to produce a privileged incident report to Appellee Christine Brzozowski Executrix of the Estate of Lewis Richter, which was absolutely protected from disclosure in discovery by the statutory privilege for quality assurance codified at R.C. 2305.24 and R.C. 2305.251."
 {¶ 8} Within this assignment of error, Heather Hill asserts that the incident report is privileged because the decedent's fall was "properly explained" within his medical records. Heather Hill additionally asserts that the legislature has evinced a clear intent to provide an absolute privilege to peer review proceedings. As an initial matter, we note that this Court reviews a trial court's discovery orders under an abuse of discretion standard. Haws v. Golden, Lorain App. No. 03CA008398, 2004-Ohio-4957. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621, 1993-Ohio-122, 614 N.E.2d 748. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 9} Moreover, when a trial court is presented with a situation in in which a party attempts to prevent the introduction of certain evidence by asserting the privilege for peer review, it is incumbent upon the trial court to hold an in camera inspection of the information, documents, or records in question to determine the admissibility of the evidence.Tangle v. Rojas, 150 Ohio App.3d 549, 555, 2002-Ohio-6510,782 N.E.2d 617.
 {¶ 10} We further note that R.C. 2305.24 provides for the confidentiality of information furnished to a quality assurance committee and provides in relevant part as follows:
 {¶ 11} "Any information, data, reports, or records made available to a quality assurance committee or utilization committee of a hospital or long-term care facility * * * are confidential and shall be used by the committee and the committee members only in the exercise of the proper functions of the committee. * * * *"
 {¶ 12} Further, under the former version of R.C. 2305.25, proceedings and records of all review committees described in R.C. 2305.25, including quality assurance committees, shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care professional, a hospital, a long-term care facility.
 {¶ 13} However, the privilege granted by R.C. 2305.24, 2305.25 is not absolute; there is an exception to the privilege stated as follows:
 {¶ 14} "* * * Information, documents, or records otherwise available from available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were presented during proceedings of a committee nor should any person testifying before a committee or who is a member of the committee be prevented from testifying as to matters within the person's knowledge, but the witness cannot be asked about the witness's testimony before the committee or opinion formed by the witness as a result of the committee hearing." Id.
 {¶ 15} The purpose of the statute is not to hinder lawsuits, but to provide limited protection to individuals who provide information to review committees or boards, thereby encouraging a free flow of information without fear of reprisal in the form of civil liability.Browning v. Burt (1993), 66 Ohio St.3d 544, 562, 1993-Ohio-178,613 N.E.2d 993. The statutes do not expressly or implicitly give blanket immunity to a hospital for negligence in granting and/or continuing staff privileges of an incompetent physician. Id. "If all materials viewed and utilized by peer review committees were deemed undiscoverable, a hospital could never be held accountable for its choice in staffing * * *." Wilsonv. Burnsville Hospital, 151 Ohio App.3d 55, 61, 2002-Ohio-5186,783 N.E.2d 554. See, also, Whiteman v. Rawitscher, Lucas App. No. L-02-1383, 2003-Ohio-4966.
 {¶ 16} Moreover, as this Court stated in Johnson v. University Hosp.of Cleveland, Cuyahoga App. No. 80117, 2002-Ohio-1396 ("Johnson I"),
although incident reports such as the one at issue in this case are often protected this case are often protected by privilege under R.C. 2305.24
and 2305.25, we noted that the privilege is not absolute and such reports may be discoverable to some extent if the events giving rise to the incident are not reported in the medical record. We stated:
 {¶ 17} "The trial court should have determined whether the events of the incident were properly described in the medical record. Had it determined that the events were not included in the medical record, then only the portion of the incident report describing the events would have been subject to disclosure, not the entire document. * * * Thus, we reverse the trial court's decision and remand to the trial court for an in camera comparison of the incident reports and medical record to determine whether the events of the incident were properly explained in the medical record."
 {¶ 18} In this matter, the record does not clearly describe the circumstances surrounding the creation of the incident report, and the document is merely labeled "Investigation and Follow Up — Confidential." Moreover, we cannot agree with Heather Hill's contention that the trial court erred in concluding that the events of the incident were not properly explained in the medical record. In short, we note that the events giving rise to the incident are not reported in the medical record. The medical record provides no explanation of the circumstances and conditions immediately preceding the fall, and provides a very sketchy description of the circumstances of the fall. The incident report provides a far more cogent explanation of what transpired. The trial court did not abuse its discretion.
 {¶ 19} As to Heather Hill's argument pertaining to the amendments to R.C. Chapter 2305, it is clear that under R.C. 2305.252, which became effective on April 9, 2003, information, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were produced or presented during proceedings of a peer review committee, but the information, documents, or records are available only from the original sources and cannot be obtained from the peer review committee's proceedings or records. However, cases considering the correct date of application of this statute have determined that the key is the date of promulgation of a discovery request. Discovery requests filed after April 9, 2003, the effective date of the statute, are governed by the amendments. See Abels v. Ruf, Summit App. No. 22265, 2005-Ohio-719; Hammonds v. Ruf, Summit No. 22109, 2004-Ohio-6273. In this matter, the discovery dispute began with the service of Bzozowski's First Request for Production of Documents on April 16, 2002 and continued through February 2003 when Bzozowski moved for an order to compel. Accordingly, we will not apply law which went into effect after this time.
 {¶ 20} The first assignment of error is without merit.
 {¶ 21} Heather Hill's second and third assignments of error are interrelated and state:
 {¶ 22} "The trial court committed reversible error when it ordered Appellant Heather Hill Hospital Health and Care Center to produce a privileged incident report for in camera inspection where the medical record properly described the incident at issue."
 {¶ 23} "The trial court committed reversible error when it performed a qualitative comparison between the medical record and incident report and ordered Heather Hill Hospital Health and Care Center to produce a privileged and confidential incident report to Appellant Christine Brzozowski, Executrix of the Estate of Lewis Richter."
 {¶ 24} Within these assignments of error, Heather Hill again maintains that the trial court erred in concluding that the incident report was not privileged because the medical record did not properly describe the incident at issue.
 {¶ 25} In Johnson v. Univ. Hosps. of Cleveland, 150 Ohio App.3d 256,2002-Ohio-6338 ("Johnson II"), this court explained:
 {¶ 26} "Contrary to the trial court's interpretation of Johnson I, the directive to determine whether the medical record "properly describes" an incident does not require a qualitative comparison between the incident report and the medical record. Disclosure is not mandated merely because the incident report is easier to read because it includes typewritten statements as opposed to handwritten medical notes. Nor did Johnson I
require that an incident report be qualitatively compared to the deposition testimony of those individuals providing statements for the incident report. A trial court is not called upon to provide subjective commentary on any perceived evidentiary quality that disclosure of the incident report may hold. To the contrary, a trial court is to determine if the events giving events giving rise to the incident report were included in the medical record in the same fashion and manner that all clinical notations are made. This does not require, as Johnson seems to intimate, that the individuals involved in the incident must make a notation as to these events. As long as the events giving rise to an incident report are notated and included in the patient's medical record, an incident report governing the same is not subject to disclosure."
 {¶ 27} As explained previously, the events giving rise to the incident report were not included in the medical record in the same fashion and manner, and various facts listed in the incident report were omitted from the medical record.
 {¶ 28} Heather Hill's second and third assignments of error are without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Kilbane, J., Concur.
[1] Pursuant to the analysis set forth in Johnson v. UniversityHospitals of Cleveland, Cuyahoga App. No. 80117, 2002-Ohio-1396, we note that the order of the trial court is final and subject to appeal.
[2] University Hospitals was subsequently dismissed from the matter on September 19, 2003.