OPINION
{¶ 1} Defendant-appellant MedCentral Health System appeals from the January 25, 2006, Judgment Entry of the Richland County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 2, 2002, appellee Louella Quinton and her husband both went to appellant MedCentral's facility for outpatient rehabilitation. While appellee was receiving rehabilitation following her open-heart surgery, her husband was receiving rehabilitation for his emphysema. Appellee's husband had a portable oxygen tank with him. The room in which appellee received her treatment was a small room with large oxygen tanks and hoses attached to the tanks running along the floor.
 {¶ 3} Appellee's husband was hooked up by a respitory therapist to oxygen tubing that ran from the wall of the rehabilitation area. Shortly thereafter, appellee started into the bathroom, which was attached to the rehabilitation room, to put her cardiac monitors on and to get weighed prior to her rehabilitation session, as was customary. On her way into the bathroom, appellee tripped over an oxygen hose and fell, hitting her head.
 {¶ 4} On October 4, 2004, appellee filed a complaint against appellant, alleging that it was negligent in failing to maintain the premises in a safe condition. Subsequently, on November 29, 2005, appellee filed a Motion to Compel appellant to provide a copy of any and all incident reports. Appellee, in her motion, alleged that she had requested the same in Requests for Production of Documents propounded on appellant, but that appellant had failed to provide the reports. In response, appellant, on December 9, 2005, filed a Motion for a Protective Order, arguing that the incident reports were not discoverable pursuant to R.C. 2305.253.
 {¶ 5} As memorialized in an Order filed on December 13, 2005, the trial court granted appellant's Motion for a Protective Order. Thereafter, appellee, on December 23, 2005, filed a motion requesting, in part, that the trial court reconsider and vacate its December 13, 2005, order. Appellee, in her motion, argued, in part, that the incident report was discoverable because it did not involve an injury as a result of patient care provided by appellant . Appellee further argued that appellant had provided the trial court with no evidence that the incident report was prepared by, or for the use of, the peer review committee of a health care entity.
 {¶ 6} Pursuant to a Judgment Entry filed on December 30, 2005, the trial court ordered an in camera review of "any incident report or risk management report prepared by defendant in connection with plaintiff's alleged fall on defendant's premises." The trial court, in its entry, indicated that its inquiry "will not be limited to determining whether the report is privileged pursuant to R.C. 2305.25(D). This Court will determine if the report is trial preparation material, work product or whether the report is otherwise privileged." Thereafter, as memorialized in a Judgment Entry filed on January 25, 2006, the trial court found the incident report prepared by appellant's employees to be discoverable. The trial court further held that the report would not be admitted into evidence.
 {¶ 7} It is from the trial court's January 25, 2006, Judgment Entry that appellant now appeals raising the following assignment of error:
 {¶ 8} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING PRODUCTION OF THE INCIDENT REPORT PREPARED REGARDING PLAINTIFF'S FALL WHILE SHE WAS A PATIENT RECEIVING CARE AT MEDCENTRAL HEALTH SYSTEM, AS THE REPORT WAS CLEARLY NOT SUBJECT TO DISCOVERY PURSUANT TO THE DICTATE OF R.C. 2305.253."
 {¶ 9} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 10} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 11} This appeal shall be considered in accordance with the aforementioned rule.
 I {¶ 12} Appellant, in its sole assignment of error, argues that the trial court erred in finding that the incident report was discoverable pursuant to R.C. 2305.253. We agree.
 {¶ 13} Our standard of reviewing discovery orders is generally the abuse of discretion standard. See Arnold v.American National Red Cross (1994), 93 Ohio App.3d 564,639 N.E.2d 484. However, if a trial court's order contains an error of law in misconstruing or misapplying the applicable law, then this court reviews the matter de novo. Huntsman v. AultmanHospital, Stark App., 160 Ohio App.3d 196, 826 N.E.2d 384,2005-Ohio-1482. We find the issue of the confidentially of incident reports granted in R.C. 2305.253 is one of law and we will review the matter de novo.
 {¶ 14} R.C. 2305.253 addresses the confidentiality of incident and risk management reports. Such section states, in relevant part, as follows:
 {¶ 15} "(A) Notwithstanding any contrary provision of section149.43, 1751.21, 2305.24, 2305.251, 2305.252, or 2305.28 of the Revised Code, an incident report or risk management report and the contents of an incident report or risk management report are not subject to discovery in, and are not admissible in evidence in the trial of, a tort action." The privilege granted by such section "specifically targets documents that report an incident involving injury or potential injury suffered by a patient while receiving medical care by a health care provider. If this type of document is prepared by — or for the use of — a peer review committee, it is to be confidential and not subject to discovery." Doe v. Mount Carmel Health Systems, Franklin App. No. 05AP-435, 2005-Ohio-6966 at paragraph 18.
 {¶ 16} R.C. 2305.25(D) defines an incident report or risk management report as meaning.". . . [A] report of an incident involving injury or potential injury to a patient as a result of patient care provided by health care providers, including both individuals who provide health care and entities that provide health care, that is prepared by or for the use of a peer review committee of a health care entity and is within the scope of the functions of that committee."
 {¶ 17} In turn, R.C. 2305.25(E)(1) defines "peer review committee" as follows: "Peer review committee" means a utilization review committee, quality assessment committee, performance improvement committee, tissue committee, credentialing committee, or other committee that does either of the following:
 {¶ 18} "(a) Conducts professional credentialing or quality review activities involving the competence of, professional conduct of, or quality of care provided by health care providers, including both individuals who provide health care and entities that provide health care;
 {¶ 19} "(b) Conducts any other attendant hearing process initiated as a result of a peer review committee's recommendations or actions."
 {¶ 20} The recent case of Rinaldi v. City View Nursing Rehabilitation Center, Inc., Cuyahoga App. No. 85867,2005-Ohio-6360, dealt with the issue of discoverability of incident reports pursuant to R.C. 2305.253. In Rinaldi, a nursing center placed the decedent, who suffered from dementia and cognitive impairments, on a special floor of its facility which housed residents with these impairments, and identified the need for her to wear a monitoring device at all times. In spite of the identified risks, the decedent was found at the bottom of a stairwell with fatal head, brain, and spinal cord injuries.
 {¶ 21} In Rinaldi, the administrator of the decedent's estate brought suit for negligence, fraud, wrongful death, and other actions. During the course of discovery, the administrator requested a privilege log listing all the documents the nursing center had withheld from discovery. The nursing center submitted the privilege log and disputed documents to the trial court for an in camera inspection along with a history of the discovery dispute regarding the documents. The trial court later ordered the nursing center to produce all of the documents identified in the discovery log.
 {¶ 22} On appeal, the nursing center argued that some of the documents which were ordered to be produced were incident reports that were protected by R.C. 2305.253 and were not discoverable. However, the Cuyahoga County Court of Appeals disagreed, holding as follows: "In its notice of submitting its privileged documents to the trial court for an in camera inspection, City View set forth the history of the discovery dispute regarding the documents and then stated, `Defendant City View has submitted its privilege log and coordinating privileged documents to the court for an in camera inspection and will await this court's ruling.' We find this insufficient to demonstrate that the disputed documents were, in fact, incident reports of the type described in and protected by R.C. 2905.253. City View presented no evidence to the trial court indicating that the records were prepared by or for the use of a peer review committee or that the records were within the scope of the functions of that committee. Although the reports are titled "investigation report" or "incident statements," that is insufficient to demonstrate that the reports were incident reports actually prepared for use by City View's peer review committee. City View's notice contained no explanation whatsoever as to how the documents at issue were "incident reports" as defined by the statute. Moreover, contrary to City View's assertion, we find nothing in the record to indicate that appellee's counsel ever stipulated that the disputed records were indeed the requisite type of incident reports.
 {¶ 23} "Furthermore, City View presented no evidence to the trial court that it even had a peer review committee that performed any of the functions identified in R.C. 2305.25(E) or would review the documents at issue. Indeed, at oral argument, City View's counsel conceded that she did not know whether City View had a peer review committee, but merely assumed that it did.
 {¶ 24} "A party asserting the privilege set forth in R.C. 2905.253 [sic] has the burden of establishing that the privilege is applicable. See, e.g., Waldmann v. Waldmann (1976),48 Ohio St.2d 176, 178; Svoboda v. Clear Channel Commun., Inc.,156 Ohio App.3d 307, 2004-Ohio-894, at ¶ 19; Perfection Corp. v.Travelers Cas. Sur., 153 Ohio App.3d 28, 2003-Ohio-3358, at ¶17. City View having failed to adduce any evidence whatsoever to establish the privilege, we cannot find that the trial court abused its discretion in ordering it to produce the documents to Rinaldi." Id at paragraphs 20-22.
 {¶ 25} In the case sub judice, we find that the report prepared by appellant involved injury to appellee, a patient, as a result of patient care provided by health care providers. At the time she was injured, appellee was at appellant's medical facility for cardiac rehabilitation. As is stated above, she was injured after she fell while on her way to put her cardiac monitors on and get weighed in prior to her rehabilitation session. We concur with appellant that the report concerning the circumstances of appellee's fall "necessarily regards `injury or potential injury to a patient as a result of patient care provided by health care providers.'"
 {¶ 26} Moreover, in contrast to Rinaldi, supra., there was evidence provided by appellant that the report in this case was an incident report prepared for use by a peer review committee. In the case sub judice, Marsha Hoover, R.N., in an affidavit attached to appellant's Motion for a Protective Order, stated, in relevant part, as follows:
 {¶ 27} "Marsha Hoover, R.N., being first duly sworn, says that she has personal knowledge of all the facts contained in this Affidavit and the that she is competent to testify to the matters stated herein, and states as follows:
 {¶ 28} "1. That I, Marsha Hoover, am a Registered Nurse licensed to practice in the State of Ohio.
 {¶ 29} "2. That I am Risk Management Coordinator for MedCentral Health System.
 {¶ 30} "3. That I have personal and professional knowledge of any/all aspects of the reporting and/or investigation performed pertaining to Louella Quinton's fall in the Pulmonary Rehabilitation Center at MedCentral Health System on October 3, 2002.
 {¶ 31} "4. That I have personal and professional knowledge regarding all aspects of.
 {¶ 32} "5. A purpose of risk management/incident reports is to establish a method whereby actual and potential risk management events are reported within the MedCentral Health System.
 {¶ 33} "6. Another purpose of risk management/incident reports is to allow for the improvement of the quality of patient care and the environment of care in the MedCentral Health System.
 {¶ 34} "7. Risk management/incident reports and all related documents and investigative information at MedCentral Health System, are intended by MedCentral Health System as Peer Review and Legal Work Product documents as defined by Ohio law.
 {¶ 35} "8. Any/all risk management/incident reports, including, but not limited to, investigative information pertaining to Louella Quinton's fall at MedCentral during her pulmonary rehabilitation class on October 3, 2002, was prepared and/or performed within the scope of the function of the Risk Management and Quality Assurance Committees at MedCentral Health System.
 {¶ 36} "Further affiant sayeth naught."
 {¶ 37} Based on the foregoing, we find that appellant has produced evidence that the incident report in this case was prepared by or for the use of a peer review committee and that the report was within the scope of the functions of that committee. In short, we find that appellant has established that the incident report was privileged under R.C. 2305.253.[1]
 {¶ 38} Appellant's sole assignment of error is, therefore, sustained.
 {¶ 39} Accordingly, the judgment of the Richland County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.
Edwards, J.; Wise, P.J., and Gwin, concur separately.
[1] See also DePaul v. St. Elizabeth Health Center, Mahoning App. No. 03 MA 137, 2004-Ohio-4992. In DePaul, a patient brought a negligence action against a rehabilitation center after she sustained a fracture to her ankle while being moved from her bed to a wheelchair. The trial court ordered the rehabilitation center to produce a hospital incident report regarding the incident to the patient. On appeal, the Seventh District Court of Appeals reversed, holding that R.C. 2305.253 conferred an absolute privilege over incident and risk management reports and that, therefore, the incident report was not discoverable.