HUNTSMAN, Admr., Appellee,

v.

AULTMAN HOSPITAL et al., Appellants.

[Cite as *Huntsman v. Aultman Hosp.*, 160 Ohio App.3d 196, 2005-Ohio-1482.]

Court of Appeals of Ohio,
Fifth District, Stark County.

Nos. 2004CA00124 and 2004CA00142.

Decided March 28, 2005.

Timothy H. Hanna, for appellee.

Phillip E. Howes, Richard Milligan, Shawn W. Maestle, and Beverly A. Harris, for appellants.

EDWARDS, Judge.

{¶ 1} Defendants-appellants, Aultman Hospital, Dr. Sajid Chughtai, M.D., and Dr. Sajid Chughtai, M.D., Inc., appeal from the April 8, 2004 judgment entry of the Stark County Court of Common Pleas in which the trial court ordered Aultman Hospital to identify certain documents found in its peer review and credentialing files, upon application of R.C. 2305.252, governing confidentiality of records and proceedings of peer review committees. Plaintiff-appellee is Ruth Huntsman, as administrator of the estate of Aurelia Huntsman.

{¶ 2} This appeal arises from an action for medical malpractice and negligent credentialing that was filed on behalf of the estate of Aurelia K. Huntsman, now deceased, after Dr. Sajid Chugtai performed a surgical procedure to repair a diaphragmatic hernia. The next day, Huntsman died.

{¶ 3} On September 20, 2002, appellee filed a complaint bringing claims of medical negligence, wrongful death, and negligent credentialing.[1] Simultaneous-

---

1. This case was a refiling of case No. 2004CV03114, which had been dismissed without prejudice on September 24, 2001.

ly, appellee filed a request for admissions and request for production of documents.

{¶ 4} On November 15, 2002, Aultman Hospital answered the complaint. On October 29, 2002, defendants Sajid Chughtai and Sajid Chughtai, M.D., Inc., answered the complaint. On October 31, 2002, appellee filed a motion to compel, in which appellee sought an in camera inspection of Aultman Hospital's credentialing documents. A second motion to compel was filed by appellee on January 14, 2003. Essentially, appellee sought production of documents from Aultman Hospital that Aultman Hospital claimed were privileged and confidential and not subject to discovery or admission into evidence in a civil action pursuant to R.C. 2305.251. Appellants filed briefs in opposition to appellee's motions to compel. The trial court ruled on the first and second motions to compel on February 25, 2003, and ordered Aultman Hospital to produce under seal for an in camera inspection some, but not all, of the documents sought in appellee's motions.

{¶ 5} Aultman Hospital supplied the documents for the in camera inspection as ordered, dividing them into three separate volumes. Volume I contained documents that Aultman Hospital did not claim were privileged. Volume II contained documents from its peer review and credentialing files that Aultman Hospital claimed were privileged under state law. Volume III contained documents that Aultman Hospital believed it was prohibited from disclosing by state and federal law. Aultman Hospital explained the categorization of the materials in a brief for the in camera inspection filed on April 4, 2003.

{¶ 6} Effective April 9, 2003, R.C. 2305.251 was amended and renumbered as R.C. 2305.252.

{¶ 7} By judgment entry of July 3, 2003, the trial court ordered the parties to submit additional briefs on the discoverability under federal law of the material in Volume III. Subsequently, after the trial court had completed its in camera inspection, by judgment entry filed July 18, 2003, the trial court identified those documents in Volume II that the trial court believed were discoverable. The trial court asked Aultman Hospital to file a response to the results of its in camera inspection by July 28, 2003.

{¶ 8} On July 28, 2003, Aultman Hospital filed its objections to disclosure of the identified documents contained in Volume II. In its objections, Aultman Hospital argued that under R.C. 2305.252, the newly revised version of R.C. 2305.251, these documents were confidential and not subject to discovery. In addition, Aultman Hospital filed a brief regarding discovery of documents contained in Volume III.

{¶ 9} On August 25, 2003, the case was stayed until February 12, 2004, due to an unrelated proceeding. On April 8, 2004, the trial court sustained Aultman

Hospital's objections to production of documents in Volumes II and III but ordered Aultman Hospital "to provide [appellee] *with a list identifying the documents* that the Court found to be discoverable. * * * Aultman Hospital is not required to produce documents themselves." The trial court recognized and applied R.C. 2305.252, the revised version of the statute, but ordered that Aultman Hospital provide the list "because Plaintiffs cannot obtain the documents from the original source if they do not know what the documents are." (Emphasis added.) Subsequently and pursuant to a motion for clarification by Aultman Hospital, the trial court issued a judgment entry clarifying the April 8, 2004 judgment. That judgment entry was filed on April 20, 2004, and more specifically identified the documents referred to in the April 8, 2004 judgment entry.

{¶ 10} It is from the April 8, 2004 judgment entry that appellants appeal. Appellant Aultman Hospital raises the following assignment of error:

{¶ 11} "The trial court erred in ordering Aultman Hospital to produce a descriptive listing of selected documents from its peer review and credentialing files."

{¶ 12} Appellants Sajid Chughtai and Sajid Chughtai, M.D., Inc., raise the following assignment of error:

{¶ 13} "The trial court erred in ordering that information from Aultman Hospital's peer review and credentialing files be disclosed."

{¶ 14} Each appellant raises a single assignment of error in which it contends that the trial court erred when it ordered Aultman Hospital to provide appellee with a list identifying documents from its peer review and credentialing files. We agree.

{¶ 15} This appeal concerns the confidentiality afforded by the Ohio Revised Code to documents that relate to peer review committees at hospitals. The first issue that must be addressed is which version of the applicable statute (former R.C. 2305.251 or the current, revised version of the statute, which was renumbered as R.C. 2305.252) is to be applied in this case. R.C. 2305.251 was revised and renumbered, becoming R.C. 2305.252, effective April 9, 2003. Appellant Aultman Hospital contends that R.C. 2305.252 is applicable because it became effective while the case was pending. Aultman Hospital argues that because the statute is procedural and not substantive, its application should be prospective. Thus, because R.C. 2305.252 became effective prior to the date of trial in this case, it is applicable. Appellants Dr. Chughtai and Sajid Q. Chughtai, M.D., Inc., contend that it does not matter which version of the statute applies because the trial court's order violates either version of the statute.

{¶ 16} Appellee argues, on the other hand, that the events that gave rise to this case occurred in June 1999, prior to the effective date of R.C. 2305.252, and that

the revised version of the statute gives no indication that it was to be applied retroactively. In addition, appellee contends that the statute affects a substantive right, thereby foreclosing retroactive application.

{¶ 17} In *State ex rel. Holdridge v. Indus. Comm.* (1967), 11 Ohio St.2d 175, 40 O.O.2d 162, 228 N.E.2d 621, the court attempted to distinguish substantive and remedial law, stating: "It is doubtful if a perfect definition of 'substantive law' or 'procedural or remedial law' could be devised. However, the authorities agree that, in general terms, substantive law is that which creates duties, rights, and obligations, while procedural or remedial law prescribes methods of enforcement of rights or obtaining redress." "If the statute change is substantive, the constitution prohibits retrospective application, whereas if the statute is procedural, the statute, as amended, would apply to any cause of action before its effective date." *Rumery v. Myles* (Aug. 8, 1983), Henry App. No. 7-83-1, 1983 WL 7315.

{¶ 18} We find that the revised version of the statute is applicable. This issue was considered by the United States Court of Appeals for the Third Circuit in *Samuelson v. Susen* (1978), 576 F.2d 546. Although we recognize that that case is in no way binding upon this court, we agree with the analysis applied by that court. In *Samuelson,* the court reasoned that R.C. 2305.251 was procedural because it did not impair the substantive law or the substantive right of the plaintiff to bring a cause of action but only limited the admissibility of some evidence. Therefore, the *Samuelson* court concluded that R.C. 2305.251 could be invoked by the parties even though this action was commenced prior to the effective date of the statute. Id. at 551–552.

{¶ 19} Although *Samuelson* was considering a previous version of R.C. 2305.251, we find that its reasoning is equally applicable to this most recent version of the statute, recodified at R.C. 2305.252.

{¶ 20} Further, in this particular situation, the change to the statute is clearly procedural. The change in the statute that is relevant in this case pertains to the Ohio legislature's apparent decision to foreclose a party from obtaining any information, documents, or records from the peer review committee's records. Previously, courts had interpreted the prior version of the statute (R.C. 2305.251) to allow a trial court to conduct an in camera review of the peer review committee's records to determine whether the privilege applied to individual documents. If the record was available from its origin source, it was not privileged and could be obtained from the peer review committee's records. See, e.g., *Doe v. Mount Carmel Health Systems,* Franklin App. No. 03AP–413, 2004-Ohio-1407, 2004 WL 557333. The current version of the statute makes it clear that there is no need for an in camera inspection because no documents can be obtained from the peer review committee records, only from the records of the

original source of the information. We view this relevant revision to be a clarification of the statute's intent. Since this change affects only how information is to be obtained, we find the change to be procedural.

{¶ 21} Accordingly, the statute and the relevant revision are procedural. Thus, the revised statute (R.C. 2305.252) applies to matters pending on the effective date of the statute.[2]

{¶ 22} The second issue in this case is whether the trial court erred when it ordered Aultman Hospital to provide a list identifying the documents. Generally, an appellate court reviews a claimed error relating to a discovery matter under an abuse-of-discretion standard. *Lightbody v. Rust* (2000), 137 Ohio App.3d 658, 663, 739 N.E.2d 840; *Trangle v. Rojas,* 150 Ohio App.3d 549, 553, 2002-Ohio-6510, 782 N.E.2d 617. However, this case turns on the proper interpretation of R.C. 2305.252, an issue of law. *Rulong v. Rulong,* Cuyahoga App. No. 84953, 2004-Ohio-6919, 2004 WL 2931014, citing *Ward v. Johnson's Indus. Caterers, Inc.* (June 25, 1998), Franklin App. No. 97APE11–1531, 1998 WL 336786; *In re Bailey* (Mar. 15, 2001), Tuscarawas App. Nos. 2000AP110071, 2000AP110073, 2000AP110082, 2001 WL 1782893. Thus, the standard of review is de novo. *Ohio Bell Tel. Co. v. Pub. Util. Comm.* (1992), 64 Ohio St.3d 145, 147, 593 N.E.2d 286. For the following reasons, we find that the trial court committed reversible error.[3]

{¶ 23} R.C. 2305.252 states:

{¶ 24} "Proceedings and records within the scope of a peer review committee of a health care entity *shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action* against a health care entity or health care provider, including both individuals who provide health care and entities that provide health care, arising out of matters that are the subject of evaluation and review by the peer review committee. No individual who attends a meeting of a peer review committee, serves as a member of a peer review committee, works for or on behalf of a peer review committee, or provides information to a peer review committee shall be permitted or required to testify

---

**2.** This decision to apply the revised version of the statute is in accord with *DePaul v. St. Elizabeth Health Ctr.,* Mahoning App. No. 03 MA 137, 2004-Ohio-4992, 2004 WL 2334370. However, while that case applied the revised version of the statute to pending cases, the decision did not provide an analysis as to how it was concluded that the revised statute (R.C. 2305.252) was applicable to cases pending when the revision took effect.

**3.** This court recognizes that some courts have applied the abuse-of-discretion standard to issues concerning R.C. 2305.252 and/or R.C. 2305.251. See *Abels v. Ruf,* Summit App. No. 22265, 2005-Ohio-719, 2005 WL 418028. In this case, even if this court were to apply the abuse-of-discretion standard of review, the outcome would be the same. For the reasons stated in this court's analysis, we would find that the trial court abused its discretion.

in any civil action as to any evidence or other matters produced or presented during the proceedings of the peer review committee or as to any finding, recommendation, evaluation, opinion, or other action of the committee or a member thereof. Information, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were produced or presented during proceedings of a peer review committee, *but the information, documents, or records are available only from the original sources and cannot be obtained from the peer review committee's proceedings or records.*" (Emphasis added.)

{¶ 25} The statute clearly states that such documents cannot be obtained from the peer review committee's records. As stated by the Ohio Court of Appeals for the Ninth Appellate District, "the language of R.C. 2305.252 must be given its plain meaning. The legislature has left no doubt regarding whether these documents are obtainable from [peer review and credentialing files]. They clearly are not." (Citation omitted.) *Hammonds v. Ruf,* Summit App. No. 22109, 2004-Ohio-6273, 2004 WL 2674609. In *Hammonds,* the court went on to find that the trial court abused its discretion when it ordered the documents from the peer review and credentialing files to be disclosed by appellant Summa Health System in violation of a clear statutory mandate prohibiting such disclosures.

{¶ 26} In this case, the trial court appeared to recognize that it could not order Aultman Hospital to provide the documents to appellee. Instead, it ordered Aultman Hospital to provide an identifying list of the documents to appellee. The trial court reasoned that it could at least order Aultman Hospital to identify the documents so that appellee could then obtain them from their original sources.

{¶ 27} However, this order violates the clear intention of the statute. The statute states that such records will be held in confidence and are not subject to discovery. It even goes so far as to state that individuals who attend a meeting of a peer review committee or provide information to a peer review committee shall not be permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the proceedings. The trial court's order for the hospital to give appellee information from which the documents can be identified allows appellee to discover what documents were before the committee. We find that the statute makes all information regarding such documents privileged and unobtainable from the hospital. As Aultman Hospital concedes, appellee can obtain these documents from original sources. However, pursuant to R.C. 2305.252, appellee cannot obtain information concerning these documents from the hospital. Therefore, we find that the trial court erred when it ordered Aultman Hospital to provide a list identifying the documents to appellee.

{¶ 28} Accordingly, appellants' assignments of error are sustained. The April 8, 2004 judgment entry of the trial court ordering that Aultman Hospital provide a list to appellee identifying documents from Aultman Hospital's peer review and credentialing files and the April 20, 2004 judgment entry clarifying the April 8, 2004 judgment entry are reversed. This matter is remanded for further proceedings.

Orders reversed
and cause remanded.

FARMER, P.J., and WISE, J., concur.