OPINION
{¶ 1} These are appeals from certain rulings of the Court of Common Pleas, Stark County, relative to certain discovery orders.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This cause is one of alleged medical negligence brought by Appellee, Dragan Filipovic, his spouse, and children, as to the treatment received by him from Appellant, Surendra N. Dash, M.D., (Dr. Dash), and Appellant, Mercy Medical Center, (Mercy).
 {¶ 3} The Amended Complaint included a cause of action against the hospital for negligent credentialing of Appellant, Dr. Dash.
 {¶ 4} The Amended Complaint was filed after the deposition of Elizabeth Prosser, M.D., a member of the credentialing committee at Appellant, Mercy.
 {¶ 5} Appellees, in discovery, desired to examine the credentialing and peer review data of Appellant, Mercy, relative to Appellee, Dr. Dash. Objections were raised based on this Court's decision in Huntsman v. Aultman Hospital (2005),160 Ohio App.3d 196, which reviewed R.C. § 2305.251 and R.C. §2305.252.
 {¶ 6} The trial court in ruling on these issues treated them in the summary judgment context as Appellant, Mercy, had moved for partial summary judgment under Civ. R. 56.
 {¶ 7} In an extensive opinion, the trial court held such statutes to be unconstitutional as eliminating the common law tort of negligent credentialing recognized by the Ohio Supreme Court in Albain v. Flower Hospital (1990), 50 Ohio St.3d 251
and contrary to Article I, Section 16 of the Ohio Constitution.
 {¶ 8} The court denied the partial summary judgment motion and ordered the requested file of Mercy's committee to be submitted for an in-camera examination.
 {¶ 9} The following six Assignments of Errors are raised:
 ASSIGNMENTS OF ERROR {¶ 10} While the language of each of the six Assignments of Error of Appellants, Surendra N. Dash, M.D. and S. Dash, M.D., Inc. (Dash) differ slightly with that of the six Assignments of Error of Mercy Medical Center (Mercy), we shall, for lack of necessity and excessive verbiage in this Opinion, list only those of Dash but shall consider the arguments of both Appellants Dash and Mercy with respect to each proposition of law asserted.
 {¶ 11} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING MERCY MEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM FOR NEGLIGENT CREDENTIALING.
 {¶ 12} "II. THE TRIAL COURT ERRED IN FAILING TO GRANT SUMMARY JUDGMENT TO DEFENDANT MERCY MEDICAL CENTER UPON PLAINTIFFS' CLAIM FOR NEGLIGENT CREDENTIALING WHEN PLAINTIFFS FAILED TO REBUT THE STATUTORY PRESUMPTION OF NON-NEGLIGENCE.
 {¶ 13} "III. THE TRIAL COURT ERRED IN ORDERING DEFENDANT MERCY MEDICAL CENTER TO PRODUCE THE PEER REVIEW AND CREDENTIALING FILE OF DEFENDANT SURENDRA N. DASH, M.D. FOR AN IN-CAMERA REVIEW TO DETERMINE THE DISCOVERABILITY OF ITS CONTENTS.
 {¶ 14} "IV. THE TRIAL COURT ERRED IN SUA SPONTE ADDRESSING THE CONSTITUTIONALITY OF OHIO REVISED CODE § 2305.251 AND §2305.252 WHERE IT LACKED JURISDICTION TO DO SO AS PLAINTIFFS HAD NOT SOUGHT DECLARATORY JUDGMENT, THE OHIO ATTORNEY GENERAL HAS NOT BEEN SERVED AS REQUIRED BY STATUTE [§ 2721.121], AND THE PARTIES DID NOT BRIEF THE ISSUE BELOW.
 {¶ 15} "V. THE TRIAL COURT ERRED IN FINDING REVISED CODE §2305.251 AND § 2305.252 UNCONSTITUTIONAL.
 {¶ 16} "VI. THE TRIAL COURT ERRED IN ORDERING IN-CAMERA INSPECTION OF THE PRIVILEGED PEER REVIEW AND CREDENTIALING FILE IN APPLICATION OF FORMER ORC. § 2305.251."
 IV, V {¶ 17} We shall address the Fourth and Fifth Assignments of Error initially.
 {¶ 18} These Assignments refer to the ruling of the trial court as to constitutionality, which is the basis for its rulings.
 {¶ 19} We need not address the subject matter jurisdiction argument.
 {¶ 20} However, we did not find it necessary to review the absence of the Attorney General in this cause. Revised Code §2721.12 mandates notification to such official in a Declaratory Judgment action, which this is not.
 {¶ 21} Even though this Court would have the right to sua sponte review the constitutionality of the statute, had it not been raised at the trial level and join the Attorney General pursuant to the Supreme Court's ruling in Mayer v. Bristow,91 Ohio St.3d 3, and even though it was not reviewed in Huntsman v.Aultman Hospital, supra, we find it unnecessary to join such official, as the duty of, and purpose of joinder of, or notification to the Attorney General, is such official's duty to protect the enactments of the Legislature. We find such protection unnecessary due to our ruling herein.
 {¶ 22} The 10th District Court of Appeals also considered the constitutionality of the prior versions of the statutes in question. Since the amended version is procedural, such reasoning is applicable.
 {¶ 23} In Gates v. Brewer (1981), 2 Ohio App.3d 347, it held:
 {¶ 24} "1. R.C. 2305.25 and 2305.251 do not violate the Equal Protection Clause contained in the Fourteenth Amendment to the United States Constitution, nor the equal protection standards of Section 2, Article I of the Ohio Constitution.
 {¶ 25} "2. R.C. 2305.25 and 2305.251 do not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.
 {¶ 26} "3. R.C. 2305.251 does not violate Section 5, ArticleIV of the Ohio Constitution.
 {¶ 27} "* * *"
 {¶ 28} "The test to measure the validity of the statutes in question, under the Due Process Clause, is whether said statutes have a reasonable relation to a proper legislative purpose without being arbitrary or discriminatory. State, ex rel.Allstate Ins. Co., v. Bowen (1936), 130 Ohio St. 347,199 N.E. 355. In light of our analysis above, we conclude that said statutes are reasonably related to the legitimate purpose of improving public health care. We do not accept plaintiffs' contention that the application of R.C. 2305.25 and 2305.251
denies plaintiffs in medical malpractice cases access to the courts. While said statutes do make certain types of evidence inadmissible, plaintiffs in medical malpractice cases are not now faced with an insurmountable burden of proof, nor barred from introducing other types of relevant evidence to meet such a burden. Accordingly, said statutes do not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution."
 {¶ 29} Also, the same appellate court previously stated inDellenbach v. Robinson (1993), 95 Ohio App.3d 358:
 {¶ 30} "Application of privilege to shield peer review reports relating to physician and investigative reports relating to incident giving rise to patient's malpractice claims did not violate patient's due process rights. U.S.C.A. Const. Amend. 14; R.C. §§ 2305.24, 2305.251."
 {¶ 31} On the basis of the reasoning in Huntsman v. AultmanHospital, supra, we conclude that Revised Code § 2305.252, being a procedural change and the fact that the Legislature has chosen to place great, but not impossible, restrictions on access to the peer review and credentialing committee's records in the apparent desire to protect free discussion at such committee's review process, such statutory limitations of Albain v. FlowerHospital, supra, do not violate the Ohio Constitution and do not prevent original source evidence of conduct which was either available to such committees or should have been provided by the Hospital to them.
 {¶ 32} While we recognize the trial court's concern and belief that the statutes were unconstitutional in placing a bar to the negligence recognized in Albain v. Flower Hospital,
supra, we do not agree.
 {¶ 33} We agree with the holding of the Fourth Appellate District which succinctly said in Kalb v. Morehead (1995),100 Ohio App.3d 696:
 {¶ 34} "While peer review statute shielded from disclosure records of review boards, those serving on such boards, and those providing information to such boards, it did not provide hospital with immunity for negligence in granting or continuing staff privileges to incompetent physician and shield from disclosure in malpractice action against hospital information that might show that hospital knew or had reason to know that physician under contract with it was allegedly incompetent. R.C. §§ 2305.25, 2305.251."
 {¶ 35} Based on the above, we sustain the Fourth and Fifth Assignments of Error.
 I {¶ 36} The First Assignment of Error asserts that the Court incorrectly denied Appellant Mercy's Partial Summary Judgment Motion.
 {¶ 37} Civil Rule 56 states:
 {¶ 38} "(B) For defending party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court."
 {¶ 39} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. Civ. R. 56(C) states, in pertinent part:
 {¶ 40} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 41} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996),75 Ohio St.3d 280.
 {¶ 42} Ordinarily, a denial of a motion for summary judgment does not determine the action and prevent a judgment. Thus, such a denial is not a final order pursuant to R.C. § 2505.02.Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90.
 {¶ 43} However, we agree with Appellant, Mercy, that under R.C. § 2505.02(B), the denial of Mercy's partial Civil Rule 56 Motion is a final appealable order, contrary to the normal situation where such a denial is not appealable.
 {¶ 44} Such statute provides in part:
 {¶ 45} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 46} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 47} "* * *"
 {¶ 48} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 49} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 50} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 51} We reject the First Assignment of Error in that even if the records of the credentialing committee are totally privileged, this would not prevent Appellee from, through discovery, obtaining from other original sources, information as to Appellee, Dr. Dash, which was available and of such significance to have been considered by Mercy and which, if believed, may have been sufficient to overcome the statutory presumption.
 {¶ 52} In addition, we must reject Appellant Mercy's assumption that an opposing affidavit was absolutely necessary under Civil Rule 56(E). First, such subsection in referencing the various matters to be considered by the Court, such as affidavits states "if any." Therefore, an opposing affidavit is not always required nor "absolutely necessary."
 {¶ 53} In addition, the affidavit of Dr. Elizabeth Prosser contains certain purportedly factual statements which are conclusionary in nature and are merely opinions.
 {¶ 54} For example, Items 11 and 12 state:
 {¶ 55} "11. Dr. Dash did not have any pattern of incompetence or inappropriate behavior at the time his application for re-appointment was considered.
 {¶ 56} "12. Mercy was not aware of any fraudulent medical treatment provided by Dr. Dash at any time."
 {¶ 57} Paragraph 11 concludes that Appellant Dash did not have a pattern of incompetence or inappropriate behavior. This can only refer to the material considered by the committee. Item 12 refers to the knowledge of the hospital rather than to her personal knowledge.
 {¶ 58} This does not mean that the review was inappropriate but statements on behalf of Dr. Dash and Mercy offer little upon which a trial court can reach an appropriate conclusion.
 {¶ 59} We therefore reject the First Assignment of Error.
 II {¶ 60} Because of our ruling as to the Constitutionality of R.C. § 2305.25 and § 2305.251, the Second Assignment of Error becomes moot as to a ruling by this Court and possibly must be again reviewed by the trial court.
 III, VI {¶ 61} Again, because of our Constitutional ruling herein, we need not address the Third or Sixth Assignments but reverse such ruling by the trial court as to the in-camera inspection in light of such decision.
 {¶ 62} This cause is reversed and remanded for further proceedings consistent herewith.
 {¶ 63} Costs to be divided between Appellants and Appellees.
Boggins, J., Wise. P.J., concurs.
Edwards, J. concurs in part, dissents in part.