OPINION
{¶ 1} Defendant-Appellant Prosoco, Inc. appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which granted the motion to compel discovery filed by plaintiffs-appellees Lance M. Blackburn, individually and as the Parent and Guardian of Chloe and Sophie Blackburn, minors, and Kristine Blackburn, his spouse. The court included a protective order restricting how the discovery could be used. Other defendants are Coon Caulking and Restoration, Inc., Brian Troy Corke, the Ohio Bureau of Worker's Compensation and various individual and corporate or partnership John Does. None of the other defendants are parties to this appeal.
 {¶ 2} Prosoco assigns one error to the trial court:
 {¶ 3} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED THE MOTION TO COMPEL DISCOVERY OF APPELLANT'S TRADE-SECRET INFORMATION."
 {¶ 4} The record indicates appellee Lance Blackburn was seriously injured in a work place accident while working as an electrician during construction of the new Mansfield Senior High School in Mansfield, Ohio. Defendant Bryan Corke, an employee of Defendant Coon Restoration, was cleaning split face block in the auditorium, using a product called Sure Klean 101 Lime Solvent manufactured by appellant Prosoco. Lance Blackburn alleges as he walked down a corridor, he passed an open doorway which led to the auditorium, and was sprayed in the face with Sure Klean 101. He suffered serious chemical burns to his face and left eye, which have not healed and continue to bleed and scab. Appellees' cause of action against Prosoco is for negligence per se for failing to give adequate warnings and or instructions for use of Sure Klean 101, in violation of R.C. 2307.76.
 {¶ 5} Appellees served Prosoco with interrogatories which sought, among other things, the exact ingredients used in Sure Klean 101. Prosoco answered stating the only ingredients are hydrochloric acid and water. Appellees informed Prosoco its answer was inadequate, but indicated they would not object to a confidentiality order specifying the information was only to be used for medical treatment and for litigation.
 {¶ 6} Prosoco responded by asking why the exact ingredients of Sure Klean were relevant, and appellees again stated the information was necessary to secure medical treatment for Lance Blackburn, and also to prosecute appellees' claim the product was more hazardous than Prosoco had warned. Prosoco refused to disclose further information, stating the information was irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Prosoco asserted the information is proprietary, confidential, and a trade secret.
 {¶ 7} Appellees moved the court to compel discovery of the ingredients of Sure Klean 101, and Prosoco countered with a motion for a protective order.
 {¶ 8} The trial court entered an order directing Prosoco to provide appellees with the exact ingredients of Sure Klean 101. The order directed appellees could use the information only for this litigation and for appellee Lance Blackburn's medical treatment. The court ordered the information could be released to five persons, including appellees' counsel, three doctors, and appellees' industrial hygienist expert or equivalent. The court also found defendants Corke and Coon Restoration could disclose the information to its counsel and two experts. In addition, the information could only be released to other experts and/or physicians as ordered by the court. Before any individual receives the confidential information, counsel must provide a copy of the court's order and the recipient must sign an acknowledgment drafted by the court. The acknowledgment admitted the recipient understood the information was not to be disclosed even after the termination of the case, and any violation of the order would result in sanctions.
 {¶ 9} If a trial court's order contains an error of law in misconstruing or misapplying the applicable law, then this court reviews the matter de novo. Huntsman v. Aultman Hospital, Stark App.,160 Ohio App.3d 196, 826 N.E.2d 384, 2005-Ohio-1482. Otherwise, our standard of reviewing a discovery order is generally the abuse of discretion standard. See Arnold v. American National Red Cross (1994),93 Ohio App.3d 564, 639 N.E.2d 484. A trial court's decision will not be overturned absent an abuse of discretion, see Mauzy v. Kelly Services,Inc., 75 Ohio St.3d 578, 592, 1996-Ohio-265 (citations omitted);State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 57,295 N.E.2d 659. The Ohio Supreme Court has defined abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, see, e.g., Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 10} "Trade secrets" are defined by R.C. 1333.61(D):" Trade secret' means information, including the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, method, technique, or improvement, * * * that satisfies both of the following:
 {¶ 11} (1) It derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.
 {¶ 12} (2) It is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."
 {¶ 13} R.C. 1333.65 states: "* * * a court shall preserve the secrecy of an alleged trade secret by reasonable means that may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval."
 {¶ 14} Civ. R. 26(C)(7). authorizes a trial court, "for good cause shown," to "make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including * * * that a trade secret * * * not be disclosed or be disclosed only in a designated way."
 {¶ 15} Appellees did not argue the information is not a trade secret, but rather argued assuming arguendo it is, the information is nevertheless indispensable to their case and can be adequately protected by an order limiting how the information can be disclosed and used.
 {¶ 16} We find the court did not misconstrue or misapply the applicable law, and for this reason we will review the court's order using the abuse of discretion standard.
 {¶ 17} Courts have applied a balancing test in determining whether to grant protective orders, weighing the competing interests to be served by allowing discovery to proceed against the harm which may result,Arnold v. Am. Natl. Red Cross (1994), 93 Ohio App.3d 564, 576,639 N.E.2d 484, 491-492, citing Doe v. Univ. of Cincinnati (1988),42 Ohio App.3d 227, 231, 538 N.E.2d 419, 423-424.
 {¶ 18} Prosoco objects to the application of the balancing test, arguing it is applicable to motions for protective orders, not motions to compel. We find this argument is specious: motions to compel disclosure are the converse of motions for protective orders to avoid or limit disclosure. Here the court reviewed appellees' and Prosoco's motions together and recognized the potential harm to Prosoco. The court sustained Prosoco's motion for a protective order, although the order was not as broad as Prosoco sought. The court's order implies it also found the information appellees seek is necessary both as potential proof of appellees' claims for relief and for full diagnosis of appellee Lance Blackburn's medical condition.
 {¶ 19} We find the trial court's order complies with the Revised Code and the Civil Rules, and protects both parties' interests. We find the court did not abuse its discretion.
 {¶ 20} The assignment of error is overruled.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.
By Gwin, P.J., Farmer, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. Costs to appellant.