[Cite as *Ridenour v. Glenbeigh Hosp.*, 2014-Ohio-2063.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100550**

## CALEY RIDENOUR, INDIVIDUALLY, ET AL.

PLAINTIFFS-APPELLEES

vs.

## GLENBEIGH HOSPITAL, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-784957

**BEFORE:** Stewart, J., Jones, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 15, 2014

**ATTORNEYS FOR APPELLANTS**

Brendan M. Richard
Todd A. Gray
Mannion & Gray Co., L.P.A.
1375 East 9th Street, Suite 1600
Cleveland, OH    44114


**ATTORNEYS FOR APPELLEES**

Christopher M. Mellino
Thomas D. Robenalt
Allen C. Tittle
Mellino & Robenalt, L.L.C.
19704 Center Ridge Road
Rocky River, OH    44116

MELODY J. STEWART, J.:

{¶1} While in the care of defendant Glenbeigh Hospital, plaintiff Caley Ridenour suffered a seizure, fell, and sustained life-altering brain injuries. Ridenour, through his mother and legal guardian, Penny O'Dell, brought this negligence action against Glenbeigh and other hospital personnel. During discovery, Ridenour asked that he be provided with an "incident report" completed by a Glenbeigh nurse. Glenbeigh refused to provide the report and, following Ridenour's motion to compel discovery, sought a protective order on grounds that the incident report was the record of a peer review committee and thus privileged. The court denied the protective order and granted the motion to compel. The sole question in this appeal is whether the court erred by finding that the "incident report" was not privileged.

{¶2} Glenbeigh based its motion for a protective order on R.C. 2305.252, that states in part:

> Proceedings and records within the scope of a peer review committee of a health care entity shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care entity or health care provider, including both individuals who provide health care and entities that provide health care, arising out of matters that are the subject of evaluation and review by the peer review committee.

{¶3} There is no dispute that Glenbeigh operated a peer review process using the name "performance improvement program." It likewise eschewed the term "peer review committee," instead calling it a "Professional Staff Executive Committee" ("PSEC"). The nomenclature is unimportant — the PSEC operated in all material respects as a peer review committee. The term "peer review committee" has been defined to include a

"quality assessment committee" or a "performance improvement committee." R.C. 2305.25(E)(1). The PSEC is charged with, among other things, monitoring clinical performance and enhancing the quality and safety of patient care services. These duties are consistent with what would be regarded as a peer review committee.

{¶4} The key dispute between the parties is whether the incident report was prepared for the use of the PSEC. R.C. 2305.25(D) defines an "incident report" as:

> [A] report of an incident involving injury or potential injury to a patient as a result of patient care provided by health care providers, including both individuals who provide health care and entities that provide health care, that is prepared by or for the use of a peer review committee of a health care entity and is within the scope of the functions of that committee.

{¶5} It is important to understand that documents available from "original sources" are not privileged "merely because they were produced or presented during proceedings of a peer review committee[.]" *See* R.C. 2305.252. "The fact that copies of certain material may have been provided to a committee does not extend the protection afforded committee proceedings, and committee generated records, to material generated outside of the committee." *Bansal v. Mt. Carmel Health Sys., Inc.*, 10th Dist. Franklin No. 09AP-351, 2009-Ohio-6845, ¶ 17. In other words, only documents specifically generated by or for a peer review committee are privileged under R.C. 2305.252. *Bailey v. Manor Care of Mayfield Hts.*, 8th Dist. Cuyahoga No. 99798, 2013-Ohio-4927, ¶ 24.

{¶6} Glenbeigh policy requires that an incident report be completed to "record all incidents involving patients, staff, and/or visitors." An "incident" is defined as "any happening, not consistent with the routine operation of the hospital or the routine care of

a particular patient.   It may be an accident or a situation that might result in an accident."

 The policy sets forth the following procedure:

> 1. The accident or injury is reported to a nurse on duty who then administers first aid as needed.
>
> 2. The staff witness or the nurse completes all portions of the Incident Report form (see a copy of this form on the next page).  Use the back of the form for further explanation, if needed.  Draw diagrams of the hand, body, etc. to clarify location of the injury if necessary.
>
> 3. Injuries to staff shall be reported immediately to the employee's department head or supervisor.
>
> 4. If a patient is involved, the incident is documented in the chart including care and treatment given.  Do not document that an Incident Report was completed.
>
> 5. The completed Incident Report is forwarded to the physician then to the Director of Nursing for review and signatures.
>
> 6. The original Incident Report is then forwarded to the Human Resources Director who retains it on file. In the event of an employee injury or accident, a meeting will be held with the employee, Safety Director, Supervisor and/or the CEO to review for safety recommendations.
>
> 7. All Incident Reports are reviewed by the PSEC for performance improvement.  Identified problems and recommendations are told to the CEO.

**{¶7}** Glenbeigh offered the affidavit of its executive director who stated that its policies require that "incident reports are reviewed by the Professional Staff Executive Committee ('PSEC') for performance improvement."  It thus argues that the incident report prepared following Ridenour's fall was prepared for use by the peer review committee.  But saying that an incident report was prepared for review by the PSEC is not the same thing as saying it was prepared *specifically* for the PSEC.

**{¶8}** In fact, Glenbeigh's policies show that the incident report was not prepared specifically for the PSEC. Glenbeigh policy states that the original incident report is to be forwarded and retained by Glenbeigh's director of human resources — the PSEC only gets a "copy" of the incident report. Contrast this with the other policy that states that "[t]he PSEC is the major depository for documentation on all performance activities and outcomes." If the incident report had been prepared specifically for the PSEC, the director of human resources would not get the original report while the PSEC received a copy of that report.

**{¶9}** The party asserting a privilege is required to show that each of the allegedly privileged documents is a "record within the scope of a peer review committee." *Smith v. Cleveland Clinic*, 197 Ohio App.3d 524, 2011-Ohio-6648, 968 N.E.2d 41, ¶ 15 (8th Dist.). Our de novo review of Glenbeigh's claimed privilege, *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, 943 N.E.2d 514, ¶ 13, convinces us that Glenbeigh has failed to show that the requested incident report was prepared for the PSEC. The incident report was prepared for other purposes, and PSEC was merely provided a copy of that report, which it reviewed in the course of peer review proceedings. Certainly, the incident report served the dual purpose of documenting an incident occurring in the hospital and providing a basis for reviewing performance of staff. That dual purpose, however, was enough to show that, in accordance with Glenbeigh's own stated policies, the incident report was not prepared exclusively for peer

review.  The incident report was not privileged.  The court did not err by ordering that the report be provided to Ridenour.

{¶10} Judgment affirmed.

It is ordered that appellees recover of appellants their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.     A     certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR