[Cite as *Sexton v. Healthcare Facility Mgt., L.L.C.*, 2022-Ohio-963.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | |
|---|---|
| JAMES SEXTON, AS EXECUTOR OF THE ESTATE OF JOHN DAVID SEXTON | : |
| | : |
| | : Appellate Case No. 29262 |
| | : |
| Plaintiff-Appellee | : Trial Court Case No. 2019-CR-2598 |
| | : |
| v. | : (Civil Appeal from |
| | : Common Pleas Court) |
| HEALTHCARE FACILITY MGT. LLC, dba COMMUNICARE FAMILY OF COMPANIES, et al. | : |
| | : |
| Defendants-Appellants | |

. . . . . . . . . .

O P I N I O N

Rendered on the 25th day of March, 2022.

. . . . . . . . . .

CRAIG T. MATTHEWS, Atty. Reg. No. 0029215, 320 Regency Ridge Drive, Centerville, Ohio 45459 and DAVID M. DEUTSCH, Atty. Reg. No. 0014397, 130 West Second Street, Suite 310, Dayton, Ohio 45402
       Attorneys for Plaintiff-Appellee

JEFFREY W. VAN WAGNER, Atty. Reg. No. 0021913 and DIANE L. FEIGI, Atty. Reg. No. 0070286, 1300 East Ninth Street, Suite 1950, Cleveland, Ohio 44114
       Attorneys for Defendants-Appellants

. . . . . . . . . . . .

LEWIS, J.

**{¶ 1}** Defendants-Appellants Health Care Facility Management LLC and Summit (Ohio) Leasing Co., LLC d/b/a Wood Glen Alzheimer's Community appeal from an order of the trial court denying their motion for a protective order.

I.      Facts and Course of Proceedings

**{¶ 2}** On June 5, 2019, Plaintiff-Appellee James Sexton, as Executor of the Estate of John David Sexton, commenced an action in the Montgomery County Common Pleas Court against Vanesha Rice, Health Care Facility Management LLC ("HCFM"), and Summit Leasing Co., LLC d/b/a Wood Glen Alzheimer's Community ("Wood Glen"). Plaintiff alleged that John Sexton was assaulted by Rice in late January 2019 at Wood Glen while Rice was an employee at Wood Glen and John Sexton was residing there. John Sexton died less than two months later.  Plaintiff alleged claims of negligence, negligent hiring/retention, negligent supervision/control, intentional spoliation of evidence, breach of contract, and wrongful death resulting from Wood Glen's employee Vanesha Rice's assaulting John Sexton.[1]

**{¶ 3}** On September 27, 2019, Plaintiff served Defendants HCFM and Wood Glen with interrogatories and requests for production of documents.  Defendants filed objections and responses to these discovery requests.  On June 17, 2020, Plaintiff filed a motion to compel HCFM and Wood Glen to fully provide responses to the discovery requests.  On October 26, 2020, HCFM and Wood Glen filed a notice with the trial court

---

[1] Plaintiff's claims are derived from its April 9, 2021 Amended Complaint and a subsequent wrongful death action, which was consolidated with the original action. *See* Stipulation to Consolidate (Apr. 27, 2021).

stating that the parties had entered into an agreement of confidentiality relative to certain documents produced in discovery.

{¶ 4} On December 21, 2020, HCFM and Wood Glen provided the trial court with responsive documents for an in-camera inspection. Following its in-camera inspection and further briefing of the issues by the parties, the trial court issued a June 22, 2021 decision finding that the documents at issue were not protected from production by the peer review privilege asserted by HCFM and Wood Glen. However, the trial court ordered the parties to submit additional briefing as to whether production of some of the documents would violate patients' rights under the Health Insurance Portability and Accountability Act ("HIPAA") or other laws.

{¶ 5} Following the trial court's June 22, 2021 decision, Defendants HCFM and Wood Glen produced some documents that it previously had argued were privileged from discovery. HCFM and Wood Glen then filed a motion for a protective order regarding the remaining documents, contending that the requested documents were irrelevant and were privileged under HIPAA, R.C. 3798.04, and R.C. 2317.02. On August 25, 2021, the trial court denied Defendants' motion for a protective order. HCFM and Wood Glen filed a motion for stay of execution of the trial court's decision, but this motion was denied. On September 21, 2021, HCFM and Wood Glen filed a notice of appeal from the August 25, 2021 decision.

{¶ 6} On November 3, 2021, Appellants filed a motion for leave of court to file an amended notice of appeal. Appellee opposed this motion. On December 21, 2021, we issued an Order stating that we would consider the motion and response upon our review

of the merits of the appeal.

II.     The Trial Court's August 25, 2021 Order Is A Final, Appealable Order

{¶ 7} Appellee contends that this appeal should be dismissed because the trial court's August 25, 2021 Order was not a final, appealable order.   According to Appellee, "[m]erely claiming that documents are privileged under ORC § 2305.252 does not make an otherwise interlocutory discovery order appealable."   Brief of Appellee, p. 6.   Further, Appellee contends that we do not have jurisdiction to consider anything ruled upon in the trial court's June 22, 2021 order, because Appellants did not file a notice of appeal within 30 days of that order and did not attach a copy of the June 22, 2021 order to its notice of appeal.   We do not agree.

{¶ 8} Article IV, Section 3(B)(2) of the Ohio Constitution limits this court's jurisdiction to the review of "judgments or final orders."   An interlocutory order is "[a]n order that relates to some intermediate matter in the case; any order other than a final order."   *Black's Law Dictionary* (10th Ed. 2014).   A trial court's discovery orders are generally interlocutory, and therefore not immediately appealable.   *Mezatasta v. Ent. Hill Farm*, 6th Dist. Erie No. E-15-037, 2016-Ohio-3371, ¶ 16.   Notably, the trial court's June 22, 2021 order allowed for additional briefing before a final ruling was made on the motion to compel.   The trial court requested additional briefing from the parties on 1) whether there were other grounds to prevent the production of statements from or to or about Vanesha Rice; 2) whether documents related to claims of abuse of residents other than John Sexton "may violate other laws, such as HIPAA, and also, the counterbalance of

relevancy in this action"; and 3) whether the production of medical records of residents other than John Sexton violated "other laws that protect these other residents, current and former, even though the documents do not fall within the privilege."  June 22, 2021 Decision, p. 8-10.  The trial court's June 22, 2021 order was interlocutory in nature, did not finally decide the privilege issues, and therefore was not immediately appealable.

{¶ 9} The August 25, 2021 order, however, is a different matter.  That decision included the trial court's final statement on the issues of privilege and resulted in Appellants being forced to produce documents that they argued were protected by the peer-review privilege, among other privileges.   "To show that an order for a provisional remedy such as the discovery of privileged * * * materials is final and appealable, R.C. 2905.02(B)(4)(a) requires a showing that the order determines the privilege issue and prevents a judgment in favor of the appellant regarding that issue, while R.C. 2505.02(B)(4)(b) requires a showing that the harm caused by the privilege-related discovery order cannot be meaningfully or effectively remedied by an appeal after final judgment."  *Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, ¶ 20, citing *State v. Muncie*, 91 Ohio St.3d 440, 446, 746 N.E.2d 1092 (2001).

{¶ 10} "[A] judgment that compels the production of documents or information that is alleged to be protected by the peer-review privilege is a final order and, therefore, immediately appealable."  *Hance v. Cleveland Clinic*, 2021-Ohio-1493, 172 N.E.3d 478, ¶ 14 (8th Dist.).  *See also* R.C. 2305.252(A) ("An order by a court to produce for discovery or for use at trial the proceedings or records described in this section is a final order.").  The trial court's August 25, 2021 decision denied Appellants' motion for a

protective order, which meant Appellants were required to produce documents that they alleged were privileged. Therefore, the August 25, 2021 decision of the trial court was a final, appealable order. Contrary to Appellee's argument, "a party is not required to conclusively prove the existence of privileged matters as a precondition to appellate review under R.C. 2505.02(B)(4)." *Phillips v. Vesuvius USA Corp.*, 8th Dist. Cuyahoga No. 108888, 2020-Ohio-3285, ¶ 12, citing *Byrd v. U.S. Xpress, Inc.*, 2014-Ohio-5773, 26 N.E.3d 858, ¶ 12 (1st Dist.)

**{¶ 11}** Finally, an appeal from the final order includes all interlocutory orders. *USA Freight, L.L.C. v. CBS Outdoor Group, Inc.*, 2d Dist. Montgomery No. 26425, 2015-Ohio-1474, ¶ 15 (noting that App.R. 3(D) does not require an appellant to separately identify each interlocutory order). As such, Appellants' appeal from the August 25, 2021 final order also allows us to consider the trial court's June 22, 2021 interlocutory order. Consequently, Appellants' "Motion for Leave of Court to File Amended Notice of Appeal" is overruled as moot.

III. The Trial Court Erred By Ordering the Production of Certain Medical Records and Documents Protected by the Peer-Review and Medical Record Privileges

**{¶ 12}** Appellants raise two assignments of error regarding the trial court's decision to compel the production of documents that Appellants claim are privileged. Appellants' assignments of error state:

The Trial Court Erred to the Prejudice of Defendants-Appellants when it Denied, in its August 25, 2021 Decision, Defendants-Appellants'

Motion for Protective Order, and Ordered the Production of Confidential Documents (submitted for the Court's in-camera review) which are Protected under the Peer Review and Quality Assurance Privilege at R.C. 2305.24, 2305.25, 2305.252, and 2305.253, and when it made its previous Decision on June 22, 2021 in which it made its preliminary determination that these Confidential Documents are not protected by the Peer Review and Quality Assurance Privilege.

The Trial Court Erred to the Prejudice of Defendants-Appellants when it Denied, in its August 25, 2021 Decision, Defendants-Appellants' Motion for Protective Order, and Ordered the Production of Confidential Documents, submitted for the Court's in-camera review, containing Protected Health Information under HIPAA and R.C. 3798.04, and Privileged Under 2317.02(B).

{¶ 13} Both of Appellants' assignments of error relate to Appellee's request for production of documents number 17, which requests "All documents related to or referring to complaints or allegations of abuse or assault of any patient at Wood Glen." Appellants contend that the trial court erred in finding that the documents relating to individuals who resided at Wood Glen other than John Sexton are not protected from discovery by the peer-review and medical records privileges and HIPAA.

{¶ 14} Before analyzing whether the trial court erred in granting Appellee's motion to compel and overruling Appellants' motion for protective order, we will summarize the documents themselves. The documents at issue in this appeal involve four principal

types of documents, all of which are contained in Exhibits A-31 through A-34 and B-25 through B-37. The first group of documents, contained in Exhibits A-31 through A-34, consists of skin assessments of residents of Wood Glen who resided in the same unit as John Sexton. According to the affidavit of John Quattrone, who was Executive Director of Wood Glen and who served on Wood Glen's Quality Assurance Committee, these skin assessments to discover any skin abnormalities or changes were conducted in response to the incident involving John Sexton.

{¶ 15} The second group of documents, contained in Exhibits B-25 through B-37, consists of incident reports involving residents other than John Sexton who alleged injury caused by employees at Wood Glen. At the bottom of each page of the incident reports is printed the following statement: "Confidential and Privileged: This document is for internal use only within our quality assurance program. The contents are confidential and private." Dr. Meenakshi Patel, the Medical Director at Wood Glen who also served on the Quality Assurance Committee, stated that the Quality Assurance Committee reviewed the investigation of the incidents contained in Exhibits B-25 through B-37.

{¶ 16} The third group of documents also is contained in Exhibits B-25 through B-37 and consists of progress notes and evaluations regarding the medical condition of residents at Wood Glen other than John Sexton who claimed abuse by a member of Wood Glen's staff.

{¶ 17} The fourth group of documents also is contained in Exhibits B-25 through B-37 and consists of witness statements regarding the allegations of abuse by residents at Wood Glen other than John Sexton.

{¶ 18} In its June 22, 2021 decision, the trial court found that the documents in Exhibits A-31 through A-34 and B-25 through B-37 were outside the scope of the peer-review privilege.[2]   The trial court, however, allowed Appellants to submit additional briefing regarding whether the production of these documents would violate other laws like HIPAA.

{¶ 19} Following the June 22, 2021 ruling, Appellants moved for a protective order precluding the production of the documents in Exhibits A-31 through A-34 and B-25 through B-37.   According to Appellants, the documents relating to claims of abuse of other residents are medical records and protected from discovery pursuant to HIPAA and R.C. 2317.02.   Appellants also contended that the documents relating to claims of abuse of other residents and the residents' attendant medical records should be precluded from production as irrelevant.

{¶ 20} On August 25, 2021, the trial court denied Appellants' motion for protective order, stating, in part:

> The Court finds that defendants are not entitled to protection precluding

---

[2] In its June 22, 2021 decision, the trial court also found that 1) the documents contained in Exhibits A-3 through A-24 and B-3 through B-24 were outside the scope of the peer-review privilege; 2) documents containing statements to and from Rice, including documents in Exhibits A-25 through A-28, would not be produced until the parties submitted additional briefing; and 3) the documents in Exhibits A-35 through A-37 were outside the scope of the peer-review privilege, but the trial court would allow Appellants to submit further briefing on whether the production of these documents would violate other laws like HIPAA.   Following the trial court's decision, Appellants produced a number of these documents.   Moreover, Appellants do not identify any of these particular documents in their merit brief on appeal.   Rather, Appellants limit their appeal to the documents contained in Exhibits A-31 through A-34 and B-25 through B-37.   Appellants' Brief, p. 4, fn. 2.   Therefore, we will not address the trial court's ruling regarding the other documents ruled upon in the trial court's June 22, 2021 decision.

disclosure of other claims of misconduct against Vanesha Rice that may lead to demonstrating that defendants were negligent in hiring or supervising her. Plaintiff's request number 17 would cover that information, if it exists. The Court further finds that defendants are not entitled to protection from disclosure of information related to general lack of supervision, lack of adequate staffing, lack of adequate training, such that may have prevented or made the misconduct of Vanesha Rice less likely. Plaintiff agrees that defendants may redact the identity of the person making the report and, presumably, the identity of the resident. * * * Defendants should not disclose the documents relating to Vanesha Rice that were excepted from the previous decision.

(Decision and Entry, p. 5)

{¶ 21} Appellants contend that the trial court erred in granting Appellee's motion to compel and overruling its motion for a protective order. "Generally, a discovery dispute is reviewed for abuse of discretion. * * * However, whether the information sought is confidential and privileged from disclosure 'is a question of law that is reviewed de novo.' " *Hance*, 2021-Ohio-1493, 172 N.E.3d 478, at ¶ 16, quoting *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13.

{¶ 22} R.C.2305.252(A) provides that "[p]roceedings and records within the scope of a peer review committee of a health care entity shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care entity or health care provider * * * arising out of matters that are the subject of evaluation and review by the peer review committee." Further, "[i]nformation,

documents, or records otherwise available from original sources are * * * available only from the original sources and cannot be obtained from the peer review committee's proceedings or records." *Id.*

{¶ 23} In order to invoke this peer-review privilege, it is incumbent on Appellants to establish that the documents being sought were prepared by or for the use of a peer-review committee. *Rinaldi v. City View Nursing & Rehab. Ctr., Inc.*, 8th Dist. Cuyahoga No. 85867, 2005-Ohio-6360, ¶ 20. Thus, Appellants must establish that a peer-review committee existed at Wood Glen and that the committee investigated the case in question.

{¶ 24} The affidavits of Dr. Patel and John Quattrone establish that a peer review committee existed at Wood Glen and that the committee investigated the case in question. The incident reports contained in Exhibits B-25 through B-37 contained language at the bottom of each page that made it clear that the documents were prepared for the quality assurance program. Further, Dr. Patel stated that these incident reports were part of the investigations of alleged abuse at Wood Glen and the Quality Assurance Committee was required to, and did in fact, meet and review these investigation documents. These documents fit squarely within the peer-review privilege. Therefore, the trial court erred in ordering the production of these incident reports.

{¶ 25} The skin assessments contained in Exhibits A-31 through A-34 do not have any statements identifying the documents as being created for the quality assurance program. Further, the affidavits of Dr. Patel and John Quattrone fail to state that the documents were prepared for or even reviewed by the Quality Assurance Committee at

Wood Glen. Therefore, the trial court correctly found that the documents contained in Exhibits A-31 through A-34 were not covered by the peer-review privilege. But the inquiry does not end there. Appellants contend that these skin assessments should be precluded from discovery as containing protected health information pursuant to HIPAA, R.C. 3798.04, and R.C. 2317.02.

{¶ 26} Medical records are generally privileged from disclosure under R.C. 2317.02(B)(1), known as the physician-patient privilege. *Schlotterer,* 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, at ¶ 14. Also, HIPAA prohibits knowingly disclosing an individual's identifiable health information to another person. 45 C.F.R. 164.512. Based on a review of the skin assessments, we conclude that these are medical records that should have been protected from disclosure. Similarly, the progress notes and evaluations in Exhibits B-25 through B-37 are medical records that should have been protected from disclosure. A simple redaction of the names on these medical records is not sufficient to provide the protection to which these medical records are entitled.

{¶ 27} Finally, the witness statements contained in Exhibits B-25 through B-37 are covered by the peer-review privilege. According to Dr. Patel, these documents were part of the investigations of alleged abuse at Wood Glen and the Quality Assurance Committee was required to, and did in fact, meet and review these investigation documents. Therefore, the trial court erred in ordering these documents to be produced.

{¶ 28} We acknowledge and share the trial court's concerns that some parties may try to use the peer-review privilege "to hide from discovery any information regarding an

incident by simply providing the information to the [quality assurance committee]." June 22, 2021 Decision, p. 3. Evidence that a party created a quality assurance committee or presented documents to its committee solely to hide otherwise discoverable documents would weigh strongly against applying the peer-review privilege to that party's documents. However, no evidence of that was presented in the case before us.

{¶ 29} The trial court should have granted Appellants' motion for protective order regarding the documents in Exhibits A-31 through A-34 and B-25 through B-37. Consequently, Appellants' two assignments of error are sustained.

IV.     Conclusion

{¶ 30} Having sustained Appellants' assignments of error, the trial court's decision will be reversed, and the cause will be remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Craig T. Matthews
David M. Deutsch
Jeffrey W. Van Wagner
Diane L. Feigi
Michelle L. Casper
Hon. Richard S. Skelton